IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TATYANA PAGE and ROBERT PINARD, | Case No. 6:16-cv-00888-AA |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiffs Tatyana Page and Robert Pinard allege that defendant RoundPoint Mortgage Servicing Corporation violated federal and state law when processing their application for loss mitigation programs in connection with the foreclosure of their residential home loan. In June 2017, this Court granted defendant's Motion for Summary Judgment (doc. 12) in part, with respect to plaintiffs' federal law claims and one theory of liability for plaintiffs' state law claims. Now, defendant asserts that plaintiffs' remaining claims should be dismissed because defendant's compliance with federal law exempts defendant from the state laws at issue. For the reasons stated below, defendant's Motion for Judgment on the Pleadings (doc. 35) is DENIED.

## BACKGROUND

The factual background of this case is well known to the parties and will not be reproduced here.

In May 2016, plaintiffs filed this action asserting that defendant violated federal regulations promulgated under the Real Estate Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and state regulations promulgated under Oregon's Unlawful Trade Practices Act ("UTPA"), ORS 646.605 *et seq.* Plaintiffs' RESPA claims alleged that defendant (1) failed to timely notify plaintiffs that it had received their loss mitigation application and failed to state in writing whether the application was complete or incomplete, in violation of 12 C.F.R. § 1024.41(b)(2)(i), and (2) failed to timely evaluate plaintiffs' complete loss mitigation evaluation and provide a specific notice of approval or denial, in violation of 12 C.F.R. § 1024.41(c) and (d). Compl. ¶ 14. Plaintiffs' UTPA claims alleged that defendant engaged in unfair or deceptive trade practices by (1) violating the RESPA regulations, in violation of OAR 137-020-0805(5); (2) misrepresenting material information regarding a loan modification, in violation of OAR 137-020-0805(3); and (3) failing to deal with plaintiffs in good faith, in violation of OAR 137-020-0800(2). Compl. ¶ 21.

In June 2017, the Court granted defendant's motion for summary judgment, in part. Opinion & Order (doc. 20). The Court granted summary judgment in favor of defendant on the RESPA claims, ruling that plaintiffs' evidence was insufficient to establish that defendant committed the alleged RESPA violations. *Id.* at 10, 13. Accordingly, the Court also concluded that defendant was entitled to summary judgment on plaintiffs' UTPA claim for defendant's alleged RESPA violations. *Id.* at 15 n. 13. The Court denied defendant's motion for summary judgment with respect to plaintiffs' UTPA claims for material misrepresentation and failing to deal in good faith. *Id.* at 18.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation and quotation marks omitted). Accordingly, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks omitted). To survive a motion for judgment on the pleadings, "the non-conclusory 'factual content' [of the complaint]," and reasonable inferences from that content, "must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In evaluating a motion for judgment on the pleadings, the allegations of the non-moving party are credited as true, whereas those allegations of the moving party which have been denied are deemed false for purposes of the motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

# DISCUSSION

Defendant argues that this Court's grant of summary judgment with respect to plaintiffs' RESPA claim entitles it to immunity from the UTPA claim under ORS 646.612(1), which provides that the UTPA does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by a federal, state or local government agency." Defendant asserts that plaintiffs cannot rely on defendant's conduct in processing plaintiffs' applications to state a claim under the UTPA because the Court found on summary judgment that defendant had complied with all the RESPA regulations that plaintiffs had alleged defendant violated.

Under ORS 646.612(1), mere compliance with other laws will not immunize a defendant from liability under the UTPA. Instead, Oregon courts have interpreted the provision to exempt "only *conduct* that is *mandated* by other laws." *Hinds v. Paul's Auto Werkstatt, Inc.*, 107 Or. App. 63, 67 (1991) (emphasis in original). Courts have, therefore, emphasized that the statute immunizes a defendant from liability when the conduct mandated by other laws is the conduct that allegedly violated the UTPA. *Ratheberger v. James Hemenway, Inc.*, 355 Or. 404, 410-11 (2003) (concluding that, although an Oregon law required defendants to give plaintiffs a disclosure form, plaintiffs' UTPA claim based on defendants' "representation that [they] would fulfill certain fiduciary duties identified on the statutory disclosure form and [their] subsequent failure to do so" was not barred by ORS 646.612(1) because "[n]o statute required [defendants] to breach [their] fiduciary duty to plaintiffs or act in any manner that was inconsistent with that duty" (emphasis omitted)).

As mentioned, plaintiffs' UTPA claim alleged that defendant engaged in unfair trade practices in three ways: (1) by violating RESPA's application processing and notice requirements, (2) by misrepresenting material information regarding loan modification, and (3) by failing to deal

Page 4 – OPINION AND ORDER

with plaintiffs in good faith. At summary judgment, the Court concluded that plaintiffs failed to establish that defendant's conduct in processing the loan modification application violated RESPA and granted partial summary judgment on the first theory of liability supporting plaintiffs' UTPA claim. Only the conduct underlying plaintiffs' misrepresentation and good faith theories is at issue at this stage.

In the Complaint (doc. 1), plaintiffs allege that defendant misrepresented material information regarding their loan modification application by "making statements and sending written communications to plaintiffs that led them to believe the January 14th trustee's sale would be canceled or postponed" and that defendant failed to deal with them in good faith by "secretly complet[ing] a trustee sale foreclosure during the time it was telling plaintiffs that their application was being considered." Compl. ¶¶ 20, 21.

Defendant does not point to any RESPA provisions or regulations that required defendant to engage in that conduct. Although, under 12 C.F.R. § 1024.41(c) and (d), defendant could not evaluate plaintiffs' application or decide whether to accept or deny it until defendant received a complete application, RESPA did *not* require defendant to foreclose on plaintiffs' home while plaintiffs' application was pending or to make statements that led plaintiffs to believe that a complete application would stop the foreclosure sale. Therefore, the conduct that plaintiffs allege gives rise to their UTPA claim is not conduct mandated by a federal statute or rules, and ORS 646.612(1) does not bar the claim.

## CONCLUSION

For the reasons stated above, defendant's Motion for Judgment on the Pleadings (doc. 35) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of February 2019.

_____
Ann Aiken
United States District Judge